Curia, per JohnstoN, Ci-i.
This court is of opinion that Pul-lam was not discharged, and, of course, that Williamson was not released; and, as to Burton, that he subscribed the bond under circumstances which did not constitute him a co-obligor with the other parties originally bound.
The circuit court seems to have been inconsiderately betrayed into the assumption, that the erasure of Pullam’s name was a judicial act. If it had been such, still this court would prefer to reserve the question as to its validity, as a release or discharge of Pullam.
But facts do not seem to warrant us in attributing a judicial character to what was done by Mr. Taggart. It is true, this gentleman, to whom the bond was given, and who had the custody of it, was the Ordinary. But it by no means follows, that whatever he may have done in relation to the instrument, after he had taken it, must be regarded as done in his official character. That must depend very much upon the nature of the acts themselves, and upon the circumstances and intentions accompanying them.
Plere Mr. Taggart was called upon to decide nothing, and did, in fact, decide nothing.
Having the bond in his custody, and being the obligee of it, and supposing that, as obligee, he had the right to do so, he erased the name of Pullam. This, in our judgment, was no more a judicial act, than if he had thrown the bond in the fire ; and could no more extinguish the beneficiary interests of the complainant in the instrument, than if he had burned it.
*59 It is a principle very familiar, even at law, that a promise to one to pay a sum of money to another, creates an obligation to that other. Here, the obligors bound themselves, under a penalty, to certain conditions for the benefit of the complainant. It will not be contended that the complainant could, in his own name, enforce these conditions at law ; because the conditions do not consist in an obligation to pay money, of to do any act the performance of which a law court could compel; but are to be enforced by an account here. This court looks to the substance, and must see that all the substantial interests in the paper were in the infant, although the penalty of the bond by which they were secured, was made payable to Mr. Taggart.
We do not hesitate to say, that he had no power over the instrument, as the mere nominal obligee, to destroy the interests of the true owner; neither can Pullam, a party to the instrument, and who must take his discharge with a full knowledge that it must operate as a fraud upon the infant, for whose benefit he became bound, avail himself of such a release.
It follows, if Pullam is not released, that there is no pretence for the discharge of his co-surety, Williamson.
The next question regards Burton. Is he bound, as an additional party, to the bond'? We are of opinion he is not bound, If this point be considered, as between the obligors and the obligee, it is apparent that Burton was intended to become a mere substitute for Pullam. There was no intention to add his responsibility to that of the original obligors, nor was that his undertaking or intention. The substance of the transaction is, as if Burton had said, “Pullam wishes to be released ; if you release him, I will take his place.” We have said that Pullam was not released; and, therefore, the condition and consideration upon which Burton agreed to be bound has failed;
If the question be considered as between the obligors, the result must be the same. There is no one of them that can show a consideration for imposing an obligation upon Burton to take upon himself any portion of their previous responsibilities; and under these circumstances, we are to look to the facts for the evidence of his intention in subscribing the instrument. The cases quoted in Field vs. Pelot, McM. Eq. 395, establish the principle, that evidence may be received to shew the intention with which sureties became bound; and the facts in this instance manifest that Burton did not intend, nor was he requested, to incur a responsibility to be accumulated upon that of the *60 original obligors, but only a responsibility as Pullam’s substitute.
The court is, therefore, of opinion, that the bill must be dismissed, as regards Burton ; and it is so ordered.
. There remains another question in relation to Saunders Williamson, which may be dismissed in a few words. The evidence at the hearing shewed very clearly, that the conveyances of property made by him to his children, (who are defendants here) were purely voluntary ; and they must be so far set aside as fraudulent, and the property conveyed so far subjected as may be necessary to satisfy the amount that may be established against him in this case; and it is so ordered.
From that amount, however, must be excluded the'1 value of the complainant’s land; an intention to charge him with that having been disclaimed at the hearing, the complainant'undertaking to pursue the land itself.
Let the .cause be remanded to the circuit court to take the account, so soon as the pleadings are closed in relation to the guardian, Calvert.
JohnsoN, Ch. concurred.
Harper and Dunkin, CC.
We assent, on the additional ground, that the Ordinary had no authority to discharge the surety.